UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAKER M. AL-KHALIDI,

    Plaintiff,

    v.                                                                         Case No. 07-C-0740

ROBIN KOSCHE, CONNIE PRANGR,
CINDY LOZANO, P.O. WACKOWIAK
and TOMMY G. THOMPSON,

    Defendants.

## DECISION AND ORDER

    Plaintiff, Shaker M. Al-Khalidi, who is presently incarcerated at the New Lisbon Correctional Institution (NLCI), filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging a violation of Article 36 of the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820, 596 U.N.T.S. 261 (Vienna Convention). This matter comes before me on plaintiff's motion to proceed in forma pauperis.

    The plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court then assesses and, when funds exists, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20%

of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately proceeding the filing of the complaint. Id.

In accordance with my order of January 23, 2008, plaintiff has paid the initial partial filing fee of $65.89. In addition, to date, plaintiff has paid an additional $36.00 toward the filing fee. Hence, he will be permitted to proceed in forma pauperis. Plaintiff's $248.11 balance will be collected as set forth below.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff is currently confined at the NLCI. The complaint names as defendants Milwaukee Police Department (MPD) Detective Robin Kosche, MPD Detective Connie Prangr, MPD Officer Cindy Lozano, MPD Officer Wackowiak and former Governor of the State of Wisconsin Tommy G. Thompson.

In 1996, the plaintiff, a "Resident-Alien," was charged with two counts of first degree sexual assault of a minor pursuant to Wis. Stat. § 948.02(1).[1] See State v. Al-Khalidi, 224 Wis. 2d 642, 590 N.W.2d 281 (Wis. Ct. App. 1999). After a trial to the court, plaintiff was found guilty of both counts, and he received a twenty-year sentence. Id. In his complaint, plaintiff alleges that he was never advised of his right under the Vienna Convention to contact

---

[1] Although not specifically alleged, it appears that plaintiff is a citizen of Iraq. See Complaint, Affidavit of Al-Khalidi, at 5 (Doc. #1).

3

the Iraqi consulate for assistance after he was taken into custody. He has named as defendants various City of Milwaukee law enforcement officials, including the detective who interrogated him, and the former governor of the State of Wisconsin who he contends is responsible for ensuring that his rights under the Vienna Convention were not violated.

> Article 36(b) of the Vienna Convention provides in relevant part:
>
> [I]f he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph.

Vienna Convention on Consular Relations, Art. 36(1)(b), Apr. 24, 1963, 21 U.S.T. 77, 101, T.I.A.S. No. 6820. The Court of Appeals for the Seventh Circuit has concluded that 42 U.S.C. § 1983 provides a private right of action for individuals to pursue claims for individual violations of Article 36 of the Vienna Convention. Jogi v. Voges, 480 F.3d 822, 835-36 (7th Cir. 2007) ("Jogi II").[2] Thus, liberally construed, plaintiff's complaint states a claim for relief under § 1983.

---

[2] In the criminal context, two Circuits have held that the Vienna Convention does not confer any individual rights upon foreign nationals. United States v. Emuegbunam, 268 F.3d 377 (6th Cir. 2001); United States v. Jimenez-Nava, 243 F.3d 192 (5th Cir. 2001). Other Circuits have concluded that regardless of whether the statute confers individual rights, remedies such as suppression of evidence or dismissal of an indictment are not available. United States v. Ortiz, 315 F.3d 873, 886 (8th Cir. 2002); United States v. Duarte-Acero, 296 F.3d 1277, 1281-82 (11th Cir. 2002); United States v. De La Pava, 268 F.3d 157, 165 (2d Cir. 2001); United States v. Minjares-Alvarez, 264 F.3d 980, 986 (10th Cir. 2001); United States v. Lawal, 231 F.3d 1045, 1048 (7th Cir.2000); United States v. Lombera-Camorlinga, 206 F.3d 882, 885 (9th Cir. 2000); United States v. Li, 206 F.3d 56, 61-62 (1st Cir. 2000); Murphy v. Netherland, 116 F.3d 97, 100 (4th Cir. 1997).

The Court of Appeals has also made it clear that plaintiff's claim is not barred by Heck v. Humphrey, 512 U.S. 477 (1994). Jogi II, 480 F.3d at 836 (citing Wallace v. Kato, ___ U.S. ___, 127 S.Ct. 1091 (2007)). However, it is possible that plaintiff's claim may be barred by the six-year statute of limitations that federal courts in Wisconsin borrow for claims under § 1983. See Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997). Nevertheless, because the statute of limitations is an affirmative defense, it does not affect my decision at the screening stage. See e.g. Jogi II, 480 F.3d at 836 (statute of limitations is an affirmative defense which does not affect plaintiff's ability to state a claim and, once raised, it requires the court to explore when the plaintiff's claim accrued, whether the discovery rule applies and whether plaintiff may take advantage of any tolling rules).

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to proceed in forma pauperis (Docket # 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

5

Case 2:07-cv-00740-LA    Filed 04/01/08    Page 5 of 7    Document 12

**IT IS FURTHER ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $248.11 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or to her attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 31 day of March, 2008.

/s_____
LYNN ADELMAN
District Judge

7