# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAKER M. AL-KHALIDI,

      Plaintiff,

      v.                                         Case No. 07-C-0740

ROBIN ROSCHE, CONNIE PRANGR,
CINDY LOZANO, P.O. WACKOWIAK
and TOMMY G. THOMPSON,

      Defendants.

## DECISION AND ORDER

Plaintiff, Shaker M. Al-Khalidi, who is now incarcerated at the Tri-County Justice and Detention Center in Ullin, Illinois, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging a violation of Article 36 of the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820, 596 U.N.T.S. 261 (Vienna Convention). This matter comes before the court on plaintiff's motion to appoint counsel, his "motion of incompetency," and defendant Thompson's motion for judgment on the pleadings.

## I. MOTION TO APPOINT COUNSEL

Regarding plaintiff's motion to appoint counsel, I note that indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). While the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Id. at 654-55. In this case, plaintiff has

not demonstrated that he has attempted to obtain legal counsel on his own without success, or that he has been precluded from doing so. Therefore, plaintiff's motion for counsel is denied.

## II.  MOTION OF INCOMPETENCY

On May 28, 2008, plaintiff also filed a document captioned in part: "Affidavit and Motion of Incompetency Proceeding." The significance of this document is unclear, but plaintiff cites Wisconsin Statute §§ 971.14(1) and 971.13(1) and appears to be either complaining that a competency hearing was not held in his criminal case; or contending that he requires the assistance of appointed counsel in this case because he is incompetent. As discussed above, plaintiff's competence to litigate this civil case is relevant to the decision to appoint counsel only if plaintiff first demonstrates that he has attempted to obtain legal counsel on his own, or that he has been prevented from doing so. If plaintiff seeks to challenge the validity of his criminal conviction due to the state court's failure to assess his competency to stand trial, the proper mechanism is either an appeal in state court or a habeas petition in federal court if state court remedies have been exhausted. Consequently, plaintiff's "motion of incompetency" is denied.

## III.  MOTION FOR JUDGMENT ON THE PLEADINGS

In 1996, the plaintiff, a "Resident-Alien", was charged with two counts of first degree sexual assault of a minor pursuant to Wis. Stat. § 948.02(1).[1] See State of Wisconsin v. Al-Khalidi, 224 Wis. 2d 642, 590 N.W.2d 281 (Wis. Ct. App. 1999). After a trial to the court, plaintiff was found guilty of both counts, and he received a twenty-year sentence. Id. In his

---

[1] Although not specifically alleged, it appears that plaintiff is a citizen of Iraq. See Compl., Aff. of Al-Khalidi, at 5 (Doc. #1).

2

complaint, plaintiff alleges that he was never advised of his right under the Vienna Convention to contact the Iraqi consulate for assistance after he was taken into custody. He has named as defendants various City of Milwaukee law enforcement officials and the former governor of the State of Wisconsin, who he contends was responsible for ensuring that his rights under the Vienna Convention were not violated.

> Article 36(b) of the Vienna Convention provides in relevant part:
>
> [I]f he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph.

Vienna Convention on Consular Relations, Art. 36(1)(b), Apr. 24, 1963, 21 U.S.T. 77, 101, T.I.A.S. No. 6820. The Court of Appeals for the Seventh Circuit has concluded that 42 U.S.C. § 1983 provides a private right of action for individuals to pursue claims for individual violations of Article 36 of the Vienna Convention. Jogi v. Voges, 480 F.3d 822, 835-36 (7th Cir. 2007) ("Jogi II"). Thus, I concluded in my April 4, 2008 screening order that plaintiff's complaint, liberally construed, states a claim for relief under § 1983.

Defendant Thompson (the former governor of the State of Wisconsin) filed a motion for judgment on the pleadings on June 2, 2008, arguing that plaintiff does not demonstrate sufficient personal involvement to establish liability in a § 1983 action, as plaintiff does not allege that defendant Thompson was even aware that plaintiff was in custody. Defendant Thompson also asserts that he is entitled to qualified immunity because plaintiff's 1996 custody occurred long before the Seventh Circuit, in Jogi I, 425 F. 3d 367 (7th Cir. 2005) and

3

Jogi II, confirmed that judicially enforceable individual rights derive from the consular notification section of the Vienna Convention.

### A. Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standards as a Rule 12(b)(6) motion to dismiss. United States v. Wood, 925 F.2d 1580, 1581 (7th Cir. 1991). Both motions challenge the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6) and (c). To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a short and plain statement of the claim showing that he is entitled to relief. Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007). It is not necessary for plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The facts alleged in the complaint are assumed to be true and all reasonable inferences are drawn in favor of plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990). Facts alleged in a brief in opposition to a motion to dismiss as well as factual allegations contained in other court filings of a pro se plaintiff may also be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations of the complaint. Gutierrez v. Peters, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).

### B.     Personal Liability

There is no respondeat superior liability under § 1983; a plaintiff must demonstrate that supervisory officials are personally responsible for alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Antonelli v. Sheahan, 81 F.3d 1422, 1428 (7th Cir. 1996).  In order for an official to be personally responsible, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Johnson v. Snyder, 444 F.3d 579, 583 (7th Cir. 2006) (quoting Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)).  In addition, "[t]o survive summary judgment, [plaintiff] needed to offer some record evidence" regarding the defendant's awareness of the violation. Johnson, 444 F.3d at 584.

This case, however, has not yet reached summary judgment.  The question here is whether plaintiff's allegations, and the reasonable inferences drawn from them in plaintiff's favor, are sufficient to state a claim that defendant Thompson was personally responsible for the failure to notify plaintiff of his Vienna Convention rights.  Plaintiff contends that as the chief executive officer of the State of Wisconsin, defendant Thompson had a responsibility to make the Vienna Convention treaty "fully active within the territorial of governorship." (Pl.'s Resp. Br., at 3 (Doc. #33).)  Plaintiff further alleges that the State Department regularly notifies state and local officials of their treaty obligations (Id. at 2), and that plaintiff was never informed of his Vienna Convention rights (Compl. at 2).  Plaintiff seems to contend that defendant Thompson turned a blind eye to the failure of Wisconsin law enforcement officials to inform arrested foreign nationals of their Vienna Convention rights.  However, plaintiff never specifically asserts that defendant Thompson was aware of this failure, either systematically or with regard to plaintiff's experience.  Nevertheless, as I am obliged to give plaintiff's pro se allegations, however inartfully pleaded, a liberal construction, see Erickson,

5

127 S. Ct. at 2200, and as discovery has not yet begun in this case, I conclude that at this stage in the proceedings plaintiff has adequately stated a claim against defendant Thompson. While plaintiff's allegations are not very detailed, they suffice to notify defendant Thompson of the claim against him. The merits of that claim can likely be determined on a motion for summary judgment.

### C. Qualified Immunity

The question for purposes of qualified immunity is whether "in the light of pre-existing law the unlawfulness . . . [of the conduct was] apparent." Purtell v. Mason, 527 F.3d 615, 621 (7th Cir. 2008) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Plaintiff bears the burden of establishing that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. (quoting Saucier v. Katz, 533 U.S. 194, 202 (2001). Because qualified immunity is the ability to be free from suit, it should be decided at the earliest possible stage. Jacobs v. City of Chicago, 215 F.3d 758, 765 n.3 (7th Cir. 2000). However, dismissal of a § 1983 suit under Rule 12(b)(6) "is a delicate matter that district courts should approach carefully" because the notice pleading requirement of Rule 8 does not require that a plaintiff anticipate the assertion of qualified immunity by the defendant and plead allegations that will defeat that immunity. Thus, the Seventh Circuit has noted:

> it appears that in some cases, a complaint may be dismissed under Rule 12(b)(6) on qualified immunity grounds where the plaintiff asserts the violation of a broad constitutional right that had not been articulated at the time the violation is alleged to have occurred. In that case, while the plaintiff may have stated a claim, it is not one "upon which relief can be granted" and a court may properly address this purely legal question under Rule 12(b)(6). However, in many cases, the existence of qualified immunity will depend on the particular facts of a given case. In those cases, the plaintiff is not required initially to

6

plead factual allegations that anticipate and overcome a defense of qualified immunity.

Id.

Defendant Thompson argues that at the time plaintiff was in custody in 1996, judicially enforceable individual rights were not recognized for violations of the consular notification requirement. In response, plaintiff argues that the consular notification requirements of the treaty are well-established as the treaty dates back to 1963 and the State Department sends regular reminders of its requirements to state and local officials. Defendant Thompson is correct that no court in 1996 had recognized an individual remedy for violations of Article 36. In fact, there is currently a circuit split on the issue.[2] However, a dispute on the availability of remedies does not mean that the obligations imposed by Article 36 were unclear in 1996. The treaty's text is clear and unambiguous in the obligation it imposes to notify detainees of their right to contact their consulate. While the question of whether individuals have any judicial recourse for violations of the treaty has been vigorously debated, the requirement that holding authorities notify the consulate at the detainee's request and inform the detainee of his rights to notification has not been disputed. Accordingly, I find that it was clearly unlawful in 1996 for the "competent authorities" to fail to notify a detained foreign national of his Vienna Convention rights to communicate with his

---

[2] The Seventh Circuit currently stands alone in recognizing an individual remedy for violations of the Vienna Convention notification provisions. See Cornejo v. County of San Diego, 504 F.3d 853 (9th Cir. 2007), Gandara v. Bennett, 528 F.3d 823 (11th Cir. 2008), and Mora v. New York, 524 F.3d 183 (2nd Cir. 2008) (all holding that notification requirement of Vienna Convention cannot be vindicated in civil rights action for damages because the convention does not confer private rights on individual detainees). See also United States v. Jimenez-Nava, 243 F.3d 192 (5th Cir. 2001) (holding in criminal context that foreign nationals do not have a private, judicially enforceable right to consult with consular officials after arrest).

7

consulate. It is less clear whether, as plaintiff asserts, a state governor has an obligation to ensure that members of local law enforcement comply with the treaty. This assertion is certainly plausible, however, and defendant Thompson cites no law or authority to the contrary. Therefore, defendant Thompson's motion for dismissal based on qualified immunity is denied at this stage of the proceedings. He may renew and properly support his qualified immunity arguments at the summary judgment stage.

## IV. STATUTE OF LIMITATIONS

It is possible that plaintiff's claim may be barred by the six-year statute of limitations that federal courts in Wisconsin borrow for claims under § 1983. See Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997). Nevertheless, the statute of limitations is an affirmative defense. See e.g. Jogi I, 425 F.3d at 386 (statute of limitations is an affirmative defense which does not affect plaintiff's ability to state a claim and, once raised, it requires the court to explore when the plaintiff's claim accrued, whether the discovery rule applies and whether plaintiff may take advantage of any tolling rules). At this point, neither plaintiff nor defendants have briefed the issue and I do not have sufficient information to evaluate whether plaintiff's claims are barred by the statute of limitations.

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion to appoint counsel (Doc. # 21) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's "Motion of Incompetency" (Doc. # 25) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Thompson's motion for judgment on the pleadings (Doc. #28) is hereby **DENIED**.

8

To expedite a resolution of this case,

**IT IS ALSO ORDERED** that:

1. **Discovery.** All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **March 30, 2009**.

   The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendant may depose the plaintiff and any other witness confined in a prison upon condition that, at least 14 days before such a deposition, defendant serve all parties with the notice required by the rule.

2. **Dispositive Motions.** Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **April 30, 2009**, and in accordance with Civil Local Rule 7.1. Copies of Rule 56 and Civil Local Rule 7.1 (E.D. Wis.) are included with this order.

   If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

   The plaintiff is advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, the plaintiff may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set forth specific facts showing that there is a general issue for trial." Fed. R. Civ. P. 56(e).

3. **Compliance with Court Rules and Orders.** The plaintiff is further advised that failure to make a timely submission or otherwise comply with the court orders will result in the dismissal of this action for failure to prosecute.

4. **Service.** Under Fed. R. Civ. P. 5(a), a copy of every paper or document filed with the court must be sent to opposing parties.

Dated at Milwaukee, Wisconsin, this 3 day of December, 2008.

/s
LYNN ADELMAN
District Judge

**Civil L.R. 7.1 Motion Practice**

(a)  Every motion must set forth the rule pursuant to which it is made and, except for those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed. If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course.

(b)  On all motions other than those for summary judgment or those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), the opposing party must serve a response brief and, when necessary, affidavits or other documents within 21 days of service of the motion. The movant may serve a reply brief and, when necessary, affidavits or other documents, within 14 days from the service of the response brief.

(c)  On motions for summary judgment, the opposing party must serve a response answering brief and affidavits or other documents within 30 days of service of the motion; the movant may serve a reply brief and, when necessary, affidavits or other documents within 15 days of service of the response brief. Parties must also comply with Civil L.R. 56.2 regarding additional summary judgment motion procedures.

(d)  All filings under this must indicate the date and method of service. On a showing of good cause, the Court may extend the time for filing of any brief. Failure to file a timely brief shall be deemed a waiver of the right to submit it. All papers served under this rule must be filed promptly. (See Fed. R. Civ. P. 5(d).)

(e)  Oral argument, if deemed appropriate, may be scheduled at the discretion of the judicial officer.

(f)  Except by permission of the Court, principal briefs on motions must not exceed 30 pages and reply briefs must not exceed 15 pages, exclusive of pages containing the statement of facts, the proposed findings of fact as required by Civil L.R. 56.2, exhibits, and affidavits, but inclusive of headings and footnotes. A reply brief and any affidavits or other documents filed with the reply brief must be limited to matters in reply.

**Rule 56 Summary Judgment**
**(a) By a Claiming Party.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:
(1) 20 days have passed from commencement of the action; or
(2) the opposing party serves a motion for summary judgment.
**(b) By a Defending Party.** A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.
**(c) Serving the Motion; Proceedings.** The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.
**(d) Case Not Fully Adjudicated on the Motion.**
(1) Establishing Facts. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.
(2) Establishing Liability. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.
**(e) Affidavits; Further Testimony.**
(1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
(2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.
**(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) deny the motion;
(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
(3) issue any other just order.
**(g) Affidavit Submitted in Bad Faith.** If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.
(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.)